S. S. Wold, Cora Berkholtz and Bessie Berkholtz v.
Ed. Newgaard, Appellant.

**Specific Performance:**   CONTRACTS:   CONSTRUCTION.   Where a con-
1    tract for the sale of real property provides that the vendor
shall prosecute to final determination a suit to recover the pos-
session of a portion thereof, and in the event of inability to
give possession or of failure of title to any part the same to be
appraised and the value deducted from the contract price, spe-
cific performance will not be decreed at the suit of the vendor
          ʳonditions are complied with, nor will an order for
appraisal be made.

**Specific Performance:**   REPAYMENT OF PURCHASE MONEY.   Where a
2    vendor of real property contracts to furnish an abstract show-
·ing clear title and to deed in accordance therewith, specific
performance will not only be denied upon failure to do so, but
when the contract so provides, repayment of any part of the
purchase price advanced will be ordered, together with pay-
ment of the sum stipulated as damages.

*Appeal from Lyon District Court.*—Hon. Wm. Hutchin-
son, Judge.

Tuesday, February 23, 1904.

This is an action to reform a contract in which plaintiffs
undertook to convey to defendant certain real estate, and to
enforce specific performance of the contract as reformed.
There was a decree for plaintiff, from which defendant ap-
peals.—*Reversed.*

*E. C. Roach* for appellant.

*Parsons & Riniker* for appellees.

McClain, J.—It is conceded that the contract, as to the
description of the property, does not correspond to the agree-
ment between the parties; and the decree, as far as it ordered
1. SPECIFIC per- a reformation of the contract, is undoubtedly
formance:
contract: correct. But it is contended that the court
construction. erred in decreeing a specific performance, and

at least on one ground we think this contention is sound. To present the material question on which our conclusion is based, it is sufficient to say that the original contract to convey related to certain mill property and two lots, which may be referred to as lots 12 and 17. This contract was entered into June 7, 1899, and it is stipulated therein that "the first parties (plaintiffs) are to furnish the second party (defendant) certified abstract of said premises, showing the same free from incumbrance and good title." An abstract of title to the property was tendered to the defendant, but it appeared that one Laura D. Berkholtz, the widow of the owner of the premises, through whom plaintiffs claim title, was in possession of lot 17, claiming a life estate therein as her homestead. Thereupon a supplemental contract was made on October 23, 1899, in which it was recited that there had been difficulty in obtaining possession of a portion of the premises, and that the suit for the recovery of the possession of the same was pending against said Laura D. Berkholtz, and it was agreed "that until the possession of said premises occupied by the said Laura D. Berkholtz is obtained by the first party and turned over to the second party, the second party shall have the right to the possession of" the mill property, and lot 12, covered by the contract, and also lot 4, not covered by the contract to convey; and it was further stipulated that the intention was that the defendant "agrees to occupy" lot 4, above referred to, "until said second party shall have received possession of the premises now occupied by Laura D. Berkholtz, and said first parties agree on their part to prosecute the suit for the recovery of the premises in occupancy of L. D. Berkholtz with reasonable diligence, and to recover possession of said premises and turn said premises over to said second party." In this contract it is further stipulated: "In the event, said first party shall be unable to furnish possession of all or any part of the property, or in the event that the title to all or any part of the property provided to be sold in said contract of June 7, 1899, shall prove defective, then in that case the part to which the title is proved

defective shall be appraised by disinterested appraisers and
the appraisal price thereof deducted from the purchase price
to be paid by the second party in the contract of June 7,
1899, at time mortgage provided for in contract is given."
It seems to us evident that in using this language the parties
contemplated that, before defendant should be required to
carry out the contract of June 7th, the plaintiffs should pros-
ecute the suit against Mrs. Berkholtz to a conclusion, and re-
cover possession of the premises, and deliver such possession
to the defendant, or, in the event that they should fail to do
so, they should have the value of lot 17 appraised, and de-
duct the appraised value thereof from the amount which by
the contract defendant was required to pay, and that one or
the other of these things was to be done before defendant was
required to carry out his contract. It is conceded that the
suit against Mrs. Berkholtz is still pending,. undisposed of;
that she is still in possession of lot 17; and that no effort has
been made to appraise the value of lot 17, so that the amount
of deduction necessary in the event that plaintiffs are unable
to make title to that lot can be determined. None of these
conditions of the supplemental contract has been complied
with by plaintiffs. It is urged that the decree of the lower
court may be modified to meet this difficulty by providing
for an appraisal and deduction, but we do not feel called
upon to make such modification. Defendant was resisting
a specific performance, and it should not have been decreed
against him until plaintiffs had complied, or were in a con-
dition to comply, with the terms of the original agreement
and the supplement thereto.

There was some evidence tending to show a subsequent
oral agreement by which the defendant was to accept lot 4
in substitution for lot 17, but this pretended oral agreement
was not made out by such preponderance of
evidence as to justify us in incorporating its
terms into the written agreement; nor does the
the decree award plaintiffs specific perform-
ance as to lot 4 by way of substitution for lot 17; but it pro-

2. SPECIFIC
performance:
repayment
of purchase
money.

vides for a conveyance to defendant of the premises described in the original contract, as reformed, with a provision that defendant have the possession of lot 4 until such time as possession shall be delivered to defendant of lot 17. We are satisfied that the decree is erroneous, and that plaintiffs are not entitled to any specific performance, for the reason that they have not performed, and are not ready and able to perform, their agreement. In the original contract it was stipulated "that if the first parties shall fail to furnish abstract, showing good title to said property and free from incumbrance, and execute deed as herein provided, they shall return to second party the said four hundred dollars, and in addition pay the second party the sum of fifty dollars." Not having complied with the contract as originally made, nor as subsequently modified, plaintiffs should repay to defendant the sum of $400, which he has paid under the contract, and the additional sum of $50, as agreed.

The case will be remanded to the lower court for decree in favor of the defendant and against plaintiffs for the payment to defendant of said sum of $450, with costs of the action, or defendant may have a decree in this court if he so elects.—REVERSED.